UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL P. HARGROVE, *Pro Se*, | CASE NO. 5:17 CV 2107 |
| Petitioner | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| WARDEN TOM SCHWEITZER, | MEMORANDUM OF OPINION |
| Respondent | AND ORDER |

On October 6, 2017, Petitioner *pro se* Daniel P. Hargrove filed this action for habeas corpus pursuant to 28 U.S.C. § 2254. Because the Petition did not provide sufficient information concerning grounds raised in state court and exhaustion of state court remedies, he was ordered to file an Amended Petition, which he filed on October 26, 2017. The Amended Petition seeks to challenge Hargrove's 2016 burglary conviction in the Summit County Court of Common Pleas, for which he received a sentence of two years.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

As grounds for the Amended Petition, Mr. Hargrove asserts: 1) the State is "bankrupt," and therefore lacked jurisdiction over him; 2) the state and federal governments "breached the contract" with Petitioner under the Uniform Commercial Code; 3) his conviction violated his right to privacy; and 4) he was subjected to double jeopardy because he was sentenced pursuant to his conviction and also found to have violated his parole.

There is no indication on the face of the petition that Hargrove seeks to raise an issue cognizable in habeas corpus, as he does not set forth grounds for relief with supporting facts

reasonably suggesting his conviction was invalid or that he might be entitled to release. Accordingly, the Amended Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b)

    IT IS SO ORDERED.

                                      /S/ SOLOMON OLIVER, JR.
                                      UNITED STATES DISTRICT JUDGE

December 6, 2017